IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL CASE NO. 1:23-CR-00369-JMC-1 |
| WILLIAM FREDERICK BEALS | |

SENTENCING MEMORANDUM

COMES NOW the Defendant, WILLIAM FREDERICK BEALS, by and through undersigned counsel and hereby files this sentencing memorandum in support of a reasonable sentence. Mr. Beals asks that this Court impose a sentence of three years' probation. Mr. Beals has already agreed to pay $500 in restitution. As this memorandum will set forth, the requested non-custodial sentence is reasonable and appropriate in light of Mr. Beals's misdemeanor offense conduct.

## Background

Mr. Beals is 53 years old and a single father. He has full custody of his 13-year-old daughter, A.S.; as A.S.'s mother is deceased. (PSR at ¶ 94). Mr. Beals was born in Illinois and grew up primarily in Washington state and Oklahoma, but for the past four years he has made his home in rural north Georgia and Tennessee. (PSR at ¶¶ 87, 95). He has maintained consistent employment throughout his adult life, including as a welder, carpenter, and maintenance worker.

Mr. Beals was charged by means of criminal complaint with offenses related to his participation in the January 6, 2021, protests and entry to the United States Capitol. (Doc. 1). He was arrested on August 24, 2023, in Adairsville, Georgia and made his initial appearance in the Eastern District of Tennessee. (Doc. 5). He made his appearance in this District on September 5, 2023. Thereafter, Mr. Beals was named in a criminal information charging him with five misdemeanor counts. (Doc. 13).

Following his arrest, Mr. Beals was released on conditions of supervision. (Docs. 7). For the year since Mr. Beals's arrest, he has not had any issues while on supervision. He has complied with the Court's bond conditions, maintained employment, and supported and parented his daughter. (*See* Docs. 16, 17, 18, 19 (noting Mr. Beals received several speeding tickets while on bond but was otherwise in compliance); PSR at ¶¶ 17-19).

Regarding the criminal charges, Mr. Beals did not file any pretrial motions and indicated to the government his interest in accepting responsibility for his conduct and resolving his case with a plea. The parties entered into a plea agreement, and at a plea hearing on May 9, 2024, Mr. Beals pleaded guilty to Counts One and Two of the information—charges of violating 18 U.S.C. § 1752(a)(1), Entering and Remaining in a Restricted Building or Grounds; and 18 U.S.C. § 1752(a)(2), Disorderly and Disruptive Conduct in a Restricted Building or Grounds. (Doc. 20).

Mr. Beals agreed to a statement of the offense, which described the offense conduct. (Doc. 21).

The Presentence Report ("PSR") calculates Mr. Beals's total offense level as 6, based upon: (1) a base offense level of 10 under U.S.S.G. § 2A2.4(a); (2) a 2-level adjustment for acceptance of responsibility under § 3E1.1(a); and (3) a 2-level adjustment under § 4C1.1(a) because he meets the criteria for adjustment as a "zero-point offender." (PSR at ¶¶44-52). The parties agreed in the plea agreement that these were the anticipated guideline applications, and Mr. Beals does not dispute the offense level.

Mr. Beals does not have any recent prior convictions or sentences, and therefore does not receive any criminal history points—resulting in his placement in criminal history category I. (PSR at ¶¶ 54-75). An offense level of 6 and criminal history category I yields a guideline sentencing range of 0 to 6 months, in Zone A of the sentencing table.

Under the facts and circumstances presented in Mr. Beals's case, a custodial sentence is not necessary to satisfy the sentencing factors set forth in 18 U.S.C. § 3553(a). In light of Mr. Beals's personal history and characteristics and the nature of the offense, a sentence of three years' probation is reasonable and appropriate, and would comport with § 3553(a)'s directive to impose a sentence that is "sufficient, but not greater than necessary."

**Argument And Citation To Authority**

**After Calculation Of The Applicable Guideline Range, The Court Must Consider The 18 U.S.C. § 3553(a) Factors To Arrive At A Reasonable Sentence**

The Sentencing Guidelines promulgated by the United States Sentencing Commission provide an advisory, rather than a mandatory regime for determining sentences. *United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005) (citing *United States v. Booker*, 543 U.S. 220 (2005)). The Sentencing Commission's guideline ranges are only generalizations. *United States v. Hunt*, 459 F.3d 1180, 1184-85 (11th Cir. 2006). The Court should consult the Guidelines, but the resulting range is merely one factor that a sentencing court must consider in arriving at a reasonable sentence. *Crawford*, 407 F.3d at 1178-79.

In its consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court may determine that the guideline sentence:

> should not apply, perhaps because (as the Guidelines themselves foresee) the case at hand falls outside the "heartland" to which the Commission intends individual Guidelines to apply, perhaps because the Guidelines sentence itself fails properly to reflect § 3553(a) considerations, or perhaps because the case warrants a different sentence regardless. Thus, the sentencing court subjects the defendant's sentence to the thorough adversarial testing contemplated by federal sentencing procedure.

*Rita v. United States*, 551 U.S. 338, 351 (2007) (internal citations omitted).

Congress has mandated that the preliminary guidelines calculation be considered along with the other sentencing factors enumerated in § 3553(a), a

procedural requirement unaffected by *Booker* and its progeny. *See* 18 U.S.C. § 3553(a); *Hunt*, 459 F.3d at 1184. After calculation of the custody range, it is within the sentencing court's discretion to sentence within that guideline, or to impose a more severe or more lenient sentence than the applicable range, "provided the resulting sentence is reasonable in light of the § 3553(a) factors." *United States v. Shelton*, 400 F.3d 1325, 1334 (11th Cir. 2005); *see also Gall*, 552 U.S. at 47.

Congress has set forth the factors a sentencing court must consider in determining a reasonable sentence, which include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (summarizing 18 U.S.C. § 3553(a)).

The ultimate command of § 3553(a), however, is to impose a sentence that is "sufficient, but not greater than necessary, to comply with" the sentencing purposes stated in the statute. *Id*. This parsimony provision requires district courts to impose the minimum punishment needed to satisfy the purposes of sentencing—just punishment, deterrence, protection of the public, and rehabilitation of the defendant.

Thus, although § 3553(a) requires the sentencing court to consider the applicable guideline range, it is only one of several factors, and it is the parsimony provision that serves as "the guidepost for sentencing decisions post-*Booker*." *United States v. Ferguson*, 456 F.3d 660, 667 (6th Cir. 2006).

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States,* 518 U.S. 81, 113 (1996). Underlying this tradition is the principle that "the punishment should fit the offender and not merely the crime." *Williams v. New York*, 337 U.S. 241, 247 (1949).

In Mr. Beals's case, a custodial sentence, even within the suggested guideline range, is unreasonable. Accordingly, he asks the Court to impose a sentence of three years' probation. In light of 18 U.S.C. § 3553(a)'s primary directive that sentencing courts impose a sentence "sufficient, but not greater than necessary" to satisfy the sentencing factors set forth in § 3553(a)(2), the requested sentence is appropriate based upon the nature and circumstances of the offense, and Mr. Beals's personal history and characteristics.

A. **The Circumstances of the Offense**

Mr. Beals has admitted to his participation in the protest and entry to the Capitol and to the offense conduct—both in executing the written plea agreement and statement of facts, and in his admissions at the plea hearing. However, he did not participate in a group or organization, nor did he play any organizing or leadership role. He traveled to Washington, D.C. alone. To the extent that Mr. Beals spoke or engaged with other participants during the Capitol entry, that was merely because they were in the same location, participating in the same activity—but he was not in cahoots with anyone or directing anyone else's conduct.

Mr. Beals, as he has admitted, climbed scaffolding, entered the Capitol building, and participated in chanting and demonstrating. However, he did not engage in property damage or destruction such as breaking windows, and he did not engage in physical violence. He entered the building, remained for 8 minutes, and left. About 30 minutes later, he re-entered the building, remained for about 5 minutes, and then exited. After leaving the building, Mr. Beals found a police shield on the ground. He picked it up and carried it as he walked away from the Capitol, briefly posing for photos with the shield. He later abandoned the shield and continued to leave the area.

It is noteworthy that Mr. Beals did not carry any weapon. There is no evidence that he sought out any specific member of Congress or intended to do so. Indeed,

he was inside the Capitol building for a total of 13 minutes. Caught up in the events that day, he repeated the angry rhetoric that was used by many participants, and used by organizers and speakers at the protest events that precipitated the breaching of the Capitol. However, he did not encourage any specific acts of violence, and his actions went no further than the conduct he has admitted to.

### B. Mr. Beals's Personal History and Characteristics

Mr. Beals's personal history and characteristics support that a non-custodial sentence of three years' probation is reasonable and "sufficient, but not greater than necessary" to satisfy the § 3553(a) factors. Mr. Beals is a single father of his 13-year-old daughter, and she does not have any other parent, grandparent, or family member with whom she can live. Mr. Beals has maintained consistent employment, in order to provide stability for his daughter. Incarceration would destabilize his family—not only during any period of incarceration, but beyond. Although this does not excuse Mr. Beals's conduct, it does constitute a mitigating factor that weighs in favor of a non-custodial sentence.

Further, Mr. Beals has been compliant with the Court's bond conditions and cooperated with pretrial supervision without incident for the past year, as this case has been pending. This lengthy period of compliance and lawful conduct demonstrates that a custodial sentence is not necessary to promote respect for the

law or specific deterrence. There is no need to incarcerate Mr. Beals to protect the public.

Finally, Mr. Beals is properly assigned to criminal history category I in recognition of his minimal recent criminal history. Although he has prior convictions, they occurred more than 10 years ago, and Mr. Beals has a lengthy period of compliance with the law prior to the instant offense—and the instant offense constituted unusual circumstances. This is also mitigating and supports the reasonableness of a probation sentence.

### C. The Requested Sentence is Reasonable

The § 3553(a) factors support that a non-custodial sentence is appropriate in this case. As noted above, Mr. Beals has demonstrated that he is capable of living within the bounds of the law by his conduct while on pretrial supervision. He is remorseful for his conduct and appreciates the gravity of the offense, such that a custodial sentence is not necessary to deter him from future crime. Additionally, he has committed to paying restitution.

Notably, the suggested guideline range is in Zone A of the guideline table. The guidelines contemplate a non-custodial sentence in this circumstance: § 5C1.1(b) provides that a sentence of imprisonment is not required for a Zone A guideline range. U.S.S.G. § 5C1.1(b). Moreover, the guidelines provide that a sentence of probation is authorized for defendants assigned to Zone A. *See* U.S.S.G.

§ 5B1.1(a)(1); § 5B1.2(a)(1) (authorizing a one-to-five-year probation term for defendants assigned to offense level six or greater). As such, the requested non-custodial sentence is a within-guidelines sentence. The Court is not obligated to impose any custodial term, and may impose a probation-only sentence. Such a sentence is reasonable and appropriate in this case, in light of Mr. Beals's offense conduct and his personal history and characteristics.

## Conclusion

WHEREFORE, for all of the reasons set forth herein, Mr. Beals requests a reasonable sentence of three years' probation.

Dated: This 27th day of August, 2024.

                                                      Respectfully Submitted,

                                                       */s/ Rebecca Shepard*
                                                      Rebecca Shepard
                                                      Georgia Bar No. 780692
                                                      Attorney for Mr. Beals

Federal Defender Program, Inc.
Centennial Tower, Suite 1500
101 Marietta Street, N.W.
Atlanta, Georgia 30303
(404) 688-7530; Fax (404) 688-0768
Rebecca_Shepard@fd.org

CERTIFICATE OF SERVICE

I hereby certify that the foregoing Sentencing Memorandum has been formatted in Times New Roman 14 pt., in accordance with Local Rule 5.1B, and was electronically filed this day with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following counsel of record:

>Cytheria D. Jernigan, Esq.
>Assistant United States Attorney
>U.S. Attorney's Office
>601 D Street, N.W.
>Washington, DC 20004

Dated: This 27th day of August, 2024.

>/s/ Rebecca Shepard
>Rebecca Shepard
>Attorney for Mr. Beals

Federal Defender Program, Inc.
Centennial Tower, Suite 1500
Atlanta, Georgia 30303
(404) 688-7530; Fax (404) 688-0768
Rebecca_Shepard@fd.org